# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| CF INDUSTRIES, INC., AND<br>CF INDUSTRIES SALES, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>THE DEPARTMENT OF JUSTICE,<br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIV. NO. W-14-CV-00392-WSS |

## DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Now comes the Defendant herein, The Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, (*ATF or BATF*), by and through Robert Pitman, U.S. Attorney for the Western District of Texas, and in Response to CF Industries, Inc., and CF Industries Sales, LLC, (CFI) Plaintiffs' Original Complaint for Judicial Review, files this, its Motion to Dismiss or in the Alternative, Motion for Summary Judgment, and in support hereof would show the Court the following:

This Administrative Procedures Act (APA) suit is a challenge to ATF's response to CFI's Touhy Request. *Inter alia*, the suit seeks an order declaring ATF's Touhy Response decision as arbitrary, capricious and an abuse of discretion or otherwise not in accordance of law and requests that the Court compel the ATF to produce requested information and materials.

For reasons demonstrated below, the ATF's Touhy determination should not be set aside. Assuming arguendo, even if the Court were to find ATF violated the APA in its determination

against the requested release, it would be improper to compel ATF to produce the documents or records requested, rather, CFI's judicial relief would be limited to an administrative remand to ATF for further review consistent with the Court's holdings.

**Factual Background**

This case involves a "Touhy Request", (*see, United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)(Touhy)), that CFI submitted seeking information relating to an ATF investigation concerning the fire and explosion of the West Fertilizer Plant in West, Texas on April 17, 2013. The Touhy Request, dated March 3, 2014, was initially directed to Robert Pitman, the U.S. Attorney for the Western District of Texas. The letter was addressed to the U.S. Attorney's Office (USAO) in Waco. Attachment 1.

CFI's Touhy Request to the USAO represented that "numerous lawsuits have been filed against CFI" and that they were seeking "access to certain materials that the Government has unique access to". Attachment 1. The federal government is not a party to this referenced state court litigation.

In an initial informal response to this Touhy Request, the Branch Chief for the USAO in Waco, AUSA Mark Frazier, contacted counsel for CFI and informed her that the USAO was not the custodian of records for ATF and that she should instead direct any requests for information or materials directly to the ATF. AUSA Frazier provided CFI with the appropriate contact information for ATF, specifically identifying Don Calvert, Deputy Associate Chief Counsel, in Houston.

CFI contacted Mr. Calvert telephonically on April 24, 2014 and discussed the information and materials that CFI were requesting. Mr. Calvert informed CFI that there was an open ATF investigation and accordingly, no information or materials could be shared with CFI at

the present time. Mr. Calvert requested that CFI maintain periodic contact and upon conclusion of the investigation, he would further discuss the Touhy Request.

CFI followed up the April 24, 2014 telephonic conversation with a letter to AUSA Frazier and Mr. Calvert, dated June 23, 2014. Attachment 2. In that letter CFI sought confirmation that, "As a result of this ongoing investigation BATF and the United States Department of Justice will not allow CF Industries access to any information, samples or other material that BATF collected as part of its investigation". Id.

In response to the June 23, 2014 CFI correspondence, ATF, on July 7, 2014, notified CFI that the matter was still an open investigation and that ATF would continue to monitor the matter and would apprise the concerned parties when the investigation concluded. Attachment 3. ATF also informed CFI: "Please feel free to contact me if you have any questions or concerns." Id.

The USAO also responded to CFI's June 23, 2014 correspondence during the week of July 7, 2014. AUSA Frazier telephonically contacted CFI counsel and informed her that neither Robert Pitman, the U.S. Attorney, nor the USAO, could grant CFI access to the requested ATF records as the office was not the custodian of records or had control over such requested records. AUSA Frazier further wrote to CFI on July 17, 2014 stating:

> "...as we discussed, the United States Attorney's Office does not have the authority to grant or deny access to the information you have requested because it is not ours to give – the investigative materials is that of originating component, the BATF. It is my understanding that Don Calvert accepted a copy of the Touhy letter you sent to me in March as a Touhy request to BATF for that reason. Don confirmed in a previous email that he will monitor the matter for BATF and inform the parties when the investigation is concluded." Attachment 4.

Despite the fact that CFI was notified on several occasions that the USAO was not the custodian of records for the ATF, CFI issued a state court subpoena *duces tecum* to Robert Pitman c/o ATF. Attachment 5. The subpoena seeks the same information and materials CFI

3

sought in its Touhy Request. CFI contends that the subpoena was issued on August 11, 2014, but the USAO did not receive notice of the subpoena until September 4, 2014, when CFI sent an inquiry to AUSA Frazier regarding the subpoena and attached the same to an e-mail. Attachment 6. AUSA Frazier contacted CFI in response to the September 4, 2014 inquiry and indicated again that the USAO was not the custodian of records for ATF and that no records would be provided by the USAO in response to the subpoena.

On September 18, 2013, the USAO formally submitted its Touhy Response to CFI's Touhy Request and informed CFI that BATF still had an open investigation regarding the West Fertilizer Plant explosion. Attachment 7. CFI was informed that

> "Disclosure of [the requested information and materials] would reveal investigatory records compiled for law enforcement purposes and would interfere with any potential enforcement proceedings. See, 28 C.F.R. §16.26(b)(5). Additionally BATF, the originating [agency] component, has objected to disclosure of the information requested. 28 C.F.R. §16.26(a)(2). As previously discussed, the U.S. Attorney's Office is not the originating component of the requested information and the U.S. Attorney, Robert Pitman is not the custodian of records for BATF. Mr. Pitman will not be responding to information sought in the subpoena ...".

The USAO further informed CFI that: "State court subpoenas are ineffective against federal entities and their officers or employees, as state courts lacked jurisdiction. *Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992); *Edwards v. U.S. Department of Justice*, 43 F.3d 312 (7th Cir. 1994); *Louisiana v. Scire*, 1994 WL 35595 (5th Cir. 1994); *Texas v. Lathrop et al.*, 1977 WL 1157 (N.D. Tex. 1977)." Attachment 7. CFI was further advised that it should maintain contact with counsel for ATF, Don Calvert, regarding the status of any BATF investigation of the explosion. Id. There has been no attempt by CFI to enforce the state court subpoena.

CFI argues through this suit that they "are entitled to these materials under the relevant federal regulations, but BATF has refused to turn over or make available for inspection any

documents or other physical evidence." Original Complaint, p. 2.

**Arguments and Authorities**

### a. Touhy Regulations

In *Touhy*, the Supreme Court considered whether a subordinate official of the Department of Justice (DOJ) could refuse to obey a subpoena duces tecum ordering production of DOJ documents in its possession. The official's refusal was based on a DOJ regulation authorized pursuant to 5 U.S.C. §301, which is commonly referred to as the "Housekeeping Act". The Supreme Court held that the Attorney General could validly withdraw from his subordinates the power to release department papers, and that the official could properly refuse to produce those papers pursuant to a subpoena duces tecum. *Touhy*, 340 U.S. at 467-68.

The DOJ Touhy Regulations are found at 28 C.F.R. §16.21 *et seq*. These Touhy Regulations set out a variety of specified considerations to be used to determine whether a production or disclosure should be made pursuant to a Touhy Request. 28 C.F.R. §16.26. Specifically, Section 16.26(b)(6) states "Among the demands in response to which disclosure will *not* be made by any Department official are those demands with respect to which any of the following factors exist:. . . Disclosure would reveal investigatory records compiled for law enforcement purposes and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." (Emphasis added).

As noted above, the ATF is the originating component of the information and materials sought by CFI and it has objected to and declined to authorize the requested production by CFI on the basis of an ongoing law enforcement investigation.

Through this lawsuit, CFI is challenging the ATF's decision not to produce requested

information and materials, and seeks an order from the court compelling production. There are no allegations related to CFI's Touhy Request made upon the USAO.

### b. APA Review Standards

When the government is not a party to the underlying action, an agency's refusal to comply with a Touhy Request must be reviewed under the standards established for final agency actions by the Administrative Procedures Act (APA), 5 U.S.C.A. §§ 702-8301. The APA waives the government's sovereign immunity from suit and permits federal court review of final agency actions, when the relief sought is other than money damages and the plaintiff has stated a claim "that an agency or an officer or employee thereof acted or failed to act in an official capacity..." *Comsat Corporation v. National Science Foundation*, 190 F.3d 269, 274 (4th Cir. 1999)(citing 5 U.S.C.A. § 702). As the Supreme Court has instructed, an agency action may be considered "final" only when the action signals the consummation of an agency's decision making process and gives rise to legal rights or consequences. Id., citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1977).

"Under the APA, 'the reviewing court [decides] all relevant questions of law.' The scope of review under this standard is narrow, and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made'." *Hasie v. Office of the Comptroller of the Currency of the United States*, 633 F.3d 361, 365 (5th Cir. 2011)(citations omitted).

Under the APA, a reviewing court may overturn an agency's decision to deny disclosure only if the decision is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Cabral v. U.S. Department of Justice*, 587 F.3d 13, 23 (1st Cir.

2009), (citing 5 U.S.C. § 706(2)(A)); *Defensor v. Meissner*, 201 F.3d 384, 386 (5th Cir. 2000). The court's review is deferential to the agency's decision. Id. The APA also mandates that agency decisions can be set aside when they are unsupported by substantial evidence. *Brown v. Napolitano*, 391 Fed. Appx. 346, 349-50 (5th Cir. 2010)(quoting 5 U.S.C. § 706(2)(E). The substantial evidence standard requires that the court ensure only that the agency's decision is supported by record evidence and is substantially reasonable. *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002).

In reviewing the government's decision under the "highly deferential" APA standard, the court begins with, "a presumption that the agency's decision is valid, and the plaintiff has the burden to overcome that presumption by showing that the decision was erroneous." *Memorial Hermann Hosp. v. Sebelius*, 728 F.3d 400, 405 (5th Cir. 2013), (citing, *Buffalo Marine Servs. Inc. v. United States*, 663 F.3d 750, 753 (5th Cir. 2011).

While the court reviews the agency's legal determinations *de novo*, in reviewing the agency's statutory interpretations, courts should provide 'substantial deference to an agency's construction of a statute it administers' and the court must give an agency's interpretation 'controlling weight unless it is plainly erroneous or inconsistent with the regulation'". Id., (citing *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)(quoting *Udall v. Tallman*, 380 U.S. 1, 16-17 (1965)). As held in *10 Ring Precision, Inc. v. Jones*, 722 F.3d 711, 723 (5th Cir. 2013), judicial review under the arbitrary, capricious, abuse of discretion, or not in accordance law standard, is "narrow" and the courts "must be mindful 'not to substitute [our] judgment for that of the agency. However, we must also ensure that the agency 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action.' We 'consider whether the decision was based on a consideration of relevant factors and whether there was a clear error

of judgment.' We will uphold an agency's action 'if its reasons and policy choices satisfy minimum standards of rationality.'" (Citations omitted).

An agency decision is arbitrary and capricious 'if the agency has relied on factors which Congress has not intended to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.' *Luminant Generation Co. LLC v. U.S. E.P.A.,* 714 F.3d 841, 850 (5th Cir. 2013)(*citations omitted*). If the agency's reasons and policy choices conform to minimal standards of rationality, then its actions are reasonable and must be upheld. *Id., citing Tex. Oil & Gas Ass'n v. U.S. E.P.A,* 161 F.3d 923, 934 (5th Cir. 1998). Where an issue presented is a challenge to an agency's interpretation of its own regulations, the agency's interpretation is controlling unless it is "plainly erroneous or inconsistent with the regulation." *Id., citing, Auer v. Robbins,* 519 U.S. 452, 461 (1997)(*quoting Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359 (1989).

In making a determination of the arbitrary and capricious standard of review, a court's "mandate is not to 'weigh the evidence pro and con but to determine whether the agency decision was based on a consideration of relevant factors and whether there was a clear error of judgment.' '[I]f the agency considers the factors and articulates a rational relationship between the facts found and the choice made, its decision is not arbitrary or capricious.'" *City of Arlington, Tex. v. F.C.C.,* 668 F.3d 229, 260 (5th Cir. 2012), (citations omitted). "Whether the [agency's] decision in the case is ideal, or even necessary, is irrelevant to the question of whether it was arbitrary and capricious 'so long as the agency gave at least minimal consideration to the relevant facts as contained in the record." Id. at 261, (citations omitted).

Finally, it is noted that even if the Court should determine that ATF's decision in this matter did somehow violate the standards set out in the APA, the Court may not, as CFI requests through its suit, issue an order compelling ATF to produce the information and materials sought. Rather, even if the Court were to set aside the ATF's Touhy decision, relief is exclusively limited to remanding the matter back to the ATF for further administrative review consistent with APA standards and this Court's decision. *BizCapital Business & Indus. Development Corp. v. Comptroller of the Currency of the United States,* 467 F.3d 871 (5th Cir. 2006)(rejecting argument by appellant that such a remand back to the agency would be futile, citing, *FEC v. Akins,* 524 U.S. 11, 25 (1998)("If a reviewing court agrees that the agency misinterpreted the law, it will set aside the agency's action and remand the case – even though the agency (like a new jury after a mistrial) might later, in the exercise of its lawful discretion, reach the same result for a different reason.").

**Factors Reviewed by ATF**

The Court is no doubt well aware of the massive explosion and destruction surrounding the underlying, well publicized incident at the West Fertilizer Plant, including the tragic loss of 15 lives.  As noted in ATF's Mission Statement:  "ATF is a unique law enforcement agency in the United States Department of Justice that protects our communities from violent criminals, criminal organizations, the illegal use and trafficking of firearms, the illegal use and storage of explosives, acts of arson and bombings, acts of terrorism, and the illegal diversion of alcohol and tobacco products." See, www.atf.gov.  Given its mission, the nature of the destruction, and loss of life surrounding the incident, it is no surprise that ATF was among the lead law enforcement actors conducting investigations of the explosion at the West Fertilizer Plant.   Its investigation regarding the incident is currently ongoing.   See, Declaration of Robert W. Elder (Elder

Declaration).  Attachment 8.

CFI has affirmatively stated in its Complaint: "Following the West Incident, BATF, *for law enforcement purposes,* took charge of the scene in West, Texas, collected evidence and conducted an investigation; Plaintiffs *recognize that this was an ongoing investigation* by BATF". (Emphasis added).  Factual admissions in pleadings are considered to be judicial admissions and conclusively binding on the party who made them.  *White v. Arco/Polymers Inc.,* 720 F.2d 1391, 1396 (5th Cir. 1983).  Thus, even according to CFI, there is no dispute that the information and materials collected by ATF are for law enforcement investigation purposes.

The applicable DOJ Touhy Regulations governing ATF's decision specify that disclosure is **not** appropriate under the circumstances presented herein:  "Among the demands in response to which disclosure **will not be made** by any Department official are those demands with respect to disclosure  [that] would reveal investigatory records compiled for law enforcement purposes, and would interfere with law enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired."  28 C.F.R. § 16.26.  Here, even CFI concedes that there is an open law enforcement investigation being conducted by the ATF regarding the West Fertilizer Plant explosion.  In accordance within its discretion and the guidance provided by applicable express Touhy Regulations, ATF has determined that disclosure of the requested information and material in its possession would be detrimental to its ongoing law enforcement efforts.  See, Elder Declaration.  Attachment 8 at p.2, ¶9.  Accordingly, ATF declined to authorize the disclosure of information sought by CFI's request relating to its open investigation.

**Law Enforcement Privilege**

There is nothing arbitrary or capricious about the Department's policy of refusing to

reveal "records compiled for law enforcement purposes" that would "disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." 28 C.F.R. §16.26. The ATF's legitimate interest in preserving the confidentiality of its investigation is self-evident and is reflected in judicial recognition of a law enforcement privilege. *Roviaro v. United States,* 353 U.S. 53, 59 (1957).

In *Roviaro*, the Supreme Court first recognized a qualified privilege allowing the government to withhold the identities of confidential informants. Other courts have expanded the law enforcement privilege – denying discovery in a variety of circumstances. *See, e.g., In re Eisenberg*, 654 F.2d 1107, 1111 n.5 (5th Cir. Unit B 1981) (Eisenberg), *In re the City of New York*, 607 F.3d 923, 948 (2nd Cir. 2010) (New York); *In re Dep't of Homeland Security*, 459 F.3d 565, 569-70 (5th Cir. 2006); *Puerto Rico v. United States*, 490 F.3d 50, 62-63 (1st Cir. 2007); *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1124-25 (7th Cir. 1997); *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981); *In re Sealed Cases*, 856 F.2d 268, 271-73 (D.C. Cir. 1988).

The law enforcement qualified privilege exempting the government from disclosure has been repeatedly found to extend to ongoing criminal investigations, see, e.g., *Eisenberg,* 654 F.2d at 1111, n.5, as well as to (1) information pertaining to "law enforcement techniques and procedures,"… (2) information that would undermine "the confidentiality of sources",… (3) information that would endanger "witness and law enforcement personnel",… (4) information that would undermine "the privacy of individuals involved in an investigation,"… or (5) information that would seriously impair "the ability of a law enforcement agency to conduct future investigations[.]" *New York*, 607 F.3d at 948 (citations omitted).

Once the law-enforcement privilege applies, courts have concluded that "there ought to

be a pretty strong presumption against lifting the privilege." *See, Dellwood Farms*, 128 F.3d at 1125 (*citing Black v. Sheraton Corp.*, 564 F.2d 531, 545-47 (D.C. Cir. 1977)); *New York*, 607 F.3d at 945. Rebutting the presumption requires the party seeking disclosure to demonstrate, (1) that it seeks the discovery in good faith; (2) that the '"information sought is [not] available through other discovery or from other sources," and (3) that the information sought is 'importan[t]' to the party's case," *New York*, 607 F.3d at 945 (*citing Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1343 (D.C. Cir. 1984)), a term described by the Second Circuit as requiring a showing of "compelling need." Id. (*citing Marriott Int'l Resorts, L.P., v. United States*, 437 F.3d 1302, 1307 (Fed. Cir. 2006). The Court should also note that these holdings regarding weighing of discovery of the asserted privilege are applicable when the United States is a party to the litigation – here the government is *not* a party and APA review inquiry regarding whether disclosure should be allowed, is measured only in terms of whether the government's decision is arbitrary, capricious, an abuse of discretion or otherwise contrary to law.

Even under the wider discretionary judicial review allowed where the government is a party, courts have cautioned that a litigant should not be allowed to make use of the liberal discovery procedures applicable in a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain [information] he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir. 1962) and *Eisenberg*, 654 F.2d at 1111. Even after a party rebuts the strong presumption against lifting the privilege, "a court must still balance '[t]he public interest in nondisclosure … against the need of

a particular litigant for access to the privileged information. In performing this calculus, the 'need' that the court considers in the balancing equation is the same 'compelling need' set forth in the presumption-rebuttal analysis. *New York*, 607 F.3d at 945, (*quoting In re Sealed Cases*, 856 F.2d at 272).

"We have recognized the law enforcement privilege as an interest worthy of protection," *United States v. Amodeo*, 44 F.3d 141, 147 (2nd Cir. 1995), and one designed to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources...[and] to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2nd Cir. 1988).

Here, the nature and wide ranging extent of CFI's requests to ATF goes to the heart of the law enforcement privilege – CFI seeks testing conducted by or on behalf of the agency and the results of those tests; documents seized; soil and evidence samples gathered at or by ATF's investigating discretion; diagrams; recordings; and results of witness interviews undertaken or conducted by ATF law enforcement agents, etc.[1] In essence, CFI would have this court turn over large portions of ATF's entire law enforcement work product, including who and what ATF determined was worthy of investigation, which could easily reveal the nature and extent of its open investigation. CFI seeks ATF's roadmap of what it has investigated and where its investigation may now be headed. If ATF is required to produce such documents, records and materials, it is readily evident that in doing so, ATF would reveal its law enforcement techniques, procedures, protocols, methods as well as tending to reveal any potential targets of criminal wrongdoing. Elder Declaration. Attachment 8.

When a criminal prosecution is initiated, applicable rules of criminal procedure govern what the government must reveal. Similarly, when an investigation is concluded, the inherent

---

[1] Documents seized by ATF have been returned. Elder Declaration.

significant risks of improperly producing information related to an ongoing law enforcement investigation – ranging from alerting potential criminal targets who may take actions which may hinder or prevent further legitimate investigation or prosecutions, to improperly casting suspicion on the innocent - are largely no longer present. *See, In re U.S. Dep't of Homeland Security*, 459 F.3d at 571, *citing, Am. Civil Liberties Union v. Finch*, 638 F.2d 1336, 1344 (5th Cir. 1981)("Even the files of active law enforcement agencies lose their privileges after particular investigations become complete."). Here, neither mitigating circumstance allowing for disclosure of privileged material is present, CFI is not a defendant in a pending criminal prosecution nor is the investigation completed – rather, the Court must weigh what is arbitrary and capricious on the basis of a reasonable policy of an agency which has declined to disclose readily apparent law enforcement information during the midst of an ongoing investigation.

**CFI has Failed to Meet its Burden Under the APA.**

As discussed, the burden of demonstrating that ATF's determination not to release the requested information is in violation of the APA is squarely upon CFI. CFI has globally alleged that "BATF is the only known source for some of the most relevant evidence involved in the West Litigation. Important documents, witness statements and other evidence (including physical evidence such as product samples) removed or collected by BATF were only available at the scene and Plaintiffs' only option for access to this evidence is through BATF." Complaint, p. 2, ¶5. CFI however has not provided any support for these contentions. CFI may certainly conduct its own witness examinations through use of depositions, obtain its own statements from interviewing witnesses, take its own photographs, make its own scaled diagrams and models, perform its own testing, or obtain documents directly from the West Fertilizer Company, through formal or informal discovery in its referenced underlying state court actions. Documents seized

by ATF at the scene are no longer in ATF's custody. Elder Declaration. Attachment 8. The fact that it may prove easier and less costly for CFI to obtain the work product of ATF's ongoing law enforcement investigation is not a permissible factor in an APA review as to whether an abuse of ATF's discretion has occurred.

Moreover, even if CFI could demonstrate that it cannot independently obtain information and materials they seek through their requests for ATF, that fact does not support their showing that ATF's decision not to produce the requested information and material was arbitrary, capricious or an abuse of discretion or otherwise contrary to law. CFI has not, and cannot, demonstrate that ATF lacks the appropriate discretion to make a determination not to risk disclosures that may interfere or potentially interfere with an ongoing law enforcement investigation. Elder Declaration. Attachment 8.

The APA review does not provide a mechanism for a court to balance equities between a Touhy Requestor and an agency – the APA review requires that the judicial inquiry begin, and end, with an examination of whether the agency's Touhy determination was arbitrary, capricious or an abuse of discretion or contrary to law. Here, it is beyond dispute that a law enforcement agency has an open and active investigation on an incident that resulted in death, injury and destruction on a horrific scale. The Touhy regulatory scheme explicitly permits agencies with open law enforcement investigations the discretion to withhold providing requested documents and material to requestors. 28 C.F.R. §16.26. Courts have found law enforcement privilege assertions valid in regards to denying authorization to Touhy Requests. *Cabral v. U.S. Dept. of Justice*, 587 F.3d 13, 23 (1st Cir. 2009)("given 'the public interest in effective law enforcement' the FBI may assert a qualified privilege to protect sensitive law enforcement techniques and procedures from disclosure." (citations omitted). Having exercised this permitted option, under

the circumstances presented, it cannot be determined that the agency abused its discretion.

Here CFI has neither alleged nor established that the applicable DOJ Touhy Regulations prohibiting disclosure of ongoing law enforcement investigations is invalid. While Touhy Regulations do not in themselves create an independent privilege authorizing the withholding of information, if the agency acts in accordance with an established privilege, founded on substantive law, its decision not to produce the requested information or materials should be upheld if reasonable. CFI asserts in its Complaint that it is "entitled to these materials under the relevant federal regulations". As demonstrated however, the regulations are directly contrary.

Nor can CFI establish that the course of conduct suggested by ATF is improper or unreasonable. As discussed above, in its initial Touhy Response to CFI, ATF indicated that the investigation was currently open and that it would advise CFI when their investigation was concluded. Here, fifteen people were killed, more than 160 were injured and more than 150 buildings were damaged or destroyed. Elder Declaration. Attachment 8. An extensive ATF investigation, utilizing its resources on a scale consistent with the incident, are being employed.

CFI has not asserted that it has applied for, or been denied, any application for a stay or abatement of its referenced state court civil lawsuits pending the federal criminal investigation. CFI has not alleged that it has applied for and been denied any motion to extend appropriate state court deadlines on the basis of ATF's refusal to disclose requested information on the basis of an ongoing investigation. Nor has CFI alleged that ATF's ongoing investigation is in any manner unreasonable in either scope or time. Like ATF's decision exercised to deny CFI's Touhy Request, the decision to grant or deny any extension, continuance, stay or abatement is left to the sound discretion of the governing authority. *See, e.g., Dolenz v. Continental Nat'l Bank of Fort Worth*, 620 S.W.2d 572, 575 (Tex. 1981)(trial courts generally have discretion in abatement

decisions). While ATF understands that CFI is facing state court deadlines which may differ from those imposed by the inherent nature of its investigation, these deadlines are not a sufficient basis to declare that ATF's investigation must coincide, or otherwise they are in violation of the APA. The relative speed of state court litigation involving private parties does not serve as a legitimate basis to declare ATF's investigation efforts as taking too long and its decisions regarding potential Touhy disclosures improper. While CFI's frustration in not being able to tap into ATF's investigatory efforts is certainly understandable, it does not demonstrate any violation of the APA.

WHEREFORE, PREMISES CONSIDERED, ATF requests that the Court uphold its determination based soundly upon its needs in an ongoing law enforcement investigation, not to provide information and materials to CFI, as not arbitrary, an abuse of discretion or otherwise contrary to law, and that Plaintiffs cause of action be in all matters dismissed and/or that summary judgment be granted in its behalf.

Respectfully submitted,

**ROBERT PITMAN**
United States Attorney

By:  /s/ John F. Paniszczyn
**JOHN F. PANISZCZYN**
Assistant United States Attorney
State Bar No. 15443855
U.S. Attorney's Office
601 N.W Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel: (210) 384-7325
Fax: (210) 384-7312
John.Paniszczyn@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify on the 26th day of November, 2014, I electronically filed the foregoing Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Noelle M. Reed
Skadden, Arps, Slate, Meagher & Flom LLP
1000 Louisiana Street, Ste 6800
Houston, TX 77002-5026

Carlos A. Balido
Walters Balido & Crain
10440 North Central Expressway
Dallas, TX 75231

John O'Herren
Sheehy Lovelace & Mayfield, PC
510 N. Valley Mills Drive, Ste 500
Waco, TX 76710

/s/ John F. Paniszczyn
**JOHN F. PANISZCZYN**
Assistant United States Attorney

ATTACHMENT 1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1000 LOUISIANA, SUITE 6800
HOUSTON, TEXAS 77002-5026

TEL: (713) 655-5100
FAX: (713) 655-5200
www.skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
713-655-5122
DIRECT FAX
713-483-9122
EMAIL ADDRESS
NOELLE.REED@SKADDEN.COM

March 3, 2014

Honorable Robert Pitman
United States Attorney's Office
800 Franklin Avenue
Suite 280
Waco, Texas 76701

      Re:    West Fertilizer Litigation
              Cause Number: 2013-24764
              Court: 170th District Court of McLennan County, Texas

Dear Mr. Pitman:

We represent various CF Industries entities ("CFI") in litigation arising out of the incident at West Fertilizer in West, Texas. As you are aware, on April 17, 2013, there was a tragic fire at the West Fertilizer facility that resulted in fifteen deaths. The fire resulted in a detonation of one or more products that were stored on the premises of West Fertilizer. As has been widely reported, West Fertilizer does not have adequate liability insurance, or assets, to resolve the numerous wrongful death, personal injury, and property damage claims that resulted from this incident. As a result, numerous lawsuits have been filed against CFI. The lawsuits allege that CFI products on the premises were defectively designed and manufactured and were the cause of the explosion. Based upon our investigation to date, we do not believe that CFI's products were the cause of the deaths.

In order to defend against these claims, it is important that we determine the root cause of the explosion, what products were or were not present at West Fertilizer, and the potential safeguards needed to prevent an incident such as this in the future. Thus, we seek access to certain materials that the Government has unique access to, but wish to do so in a manner respectful of the Government's interests in maintaining the integrity of evidence and the confidentiality of its investigations.

Accordingly, CF Industries Sales, LLC, a Defendant in the above referenced litigation, issues this *Touhy* Request as contemplated by 28 C.F.R. 16.21-16.26. The information sought is described as follows:

1.  Complete copies of any test results from any tests conducted on samples collected from 1471 Jerry Mashek Drive, West, Texas and the surrounding areas on or after April 17, 2013;

2.  Access to any and all samples and/or physical evidence removed from 1471 Jerry Mashek Drive, West, Texas and the surrounding areas on or after April 17, 2013;[1]

3.  Copies of all interview reports / memoranda or interview transcripts related to interviews with witnesses to the incident, first responders, and employees of West Fertilizer in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding this incident;

4.  Copies of all photographs and/or video recordings in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding this incident;[2]

5.  Copies of any detailed or scaled diagrams in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding this incident; and

6.  Copies of all West Fertilizer Company documents recovered from the scene including, but not limited to, records of chemical inventories, safety records, and employee training records.

**The information is requested for the following reasons:**

1.  Following the April 17, 2013 incident in West, Texas, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), for appropriate law enforcement purposes, took charge of the scene and conducted tests that we can now not conduct because ATF's activities, while entirely appropriate, negate our ability to later conduct these tests.

2.  ATF is the only known source for some of the most reliable evidence involved in the subject litigation. Important documents and other physical evidence (including product samples) removed by ATF were only available at the scene and CFI's only option for access to this

---

[1] We are amenable to narrowing this request after reviewing the materials specified in request number one.

[2] In connection with requests four through six, we are prepared to review the documents at a location specified by you and / or bear any expenses associated with making copies of the relevant material.

evidence is through the ATF.

3. The samples, documents, and other evidence are relevant and essential to the issues in dispute in the subject litigation. The material is relevant as it directly pertains to the elements of the claims made in the lawsuit, particularly in determining the cause of the fire and whether the ammonium nitrate in question was defective in design and unreasonably dangerous, as alleged by the plaintiffs. In this particular demand, evidence collected from the explosion site is necessary to prove essential claims and defenses. Absent such information, CFI is unable to successfully respond to allegations made against it.

4. The information requested is necessary to enable the court to evaluate evidence, assess its credibility and importance, and apply the evidence to law. Absent such evidence, CFI is unable to respond to allegations levied against it.

While considering how necessary this evidence is in defending allegations made against it, CFI is also aware of how vitally important it is to the ATF to maintain the evidence for use in future judicial proceedings, including any potential criminal prosecutions. Accordingly, CFI would be willing to enter into an appropriate protocol aimed at preserving the integrity of the ATF's evidence. Further, CFI also recognizes how critically important intelligence and robust investigative practices are to ATF's success in combating criminal misconduct. With that in mind, CFI is willing to enter into a protective order for any materials the agency considers sensitive that maintains the confidentiality of any information / evidence that it receives.

We are happy to meet and discuss our request in more detail should you have questions or concerns. Likewise, if there are charges associated with the reproduction of the materials requested, please advise our office and we will remit payment promptly.

In order to comply with the CFR, we will formally serve a subpoena for the above documents, but are open to discussing this matter with you in an effort to resolve this request informally.

Thank you for your cooperation and assistance in this matter.

Sincerely,

Noelle M. Reed

ATTACHMENT 2

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

IOOO LOUISIANA, SUITE 6800
HOUSTON, TEXAS 77002- 5026

TEL: (713) 655-5100
FAX: (713) 655-5200
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
713-655-5122
DIRECT FAX
713-483-9122
EMAIL ADDRESS
NOELLE.REED@SKADDEN.COM

June 23, 2014

**BY U.S. MAIL AND E-MAIL**

Mark Frazier
United States Attorney's Office
800 Franklin Avenue
Waco, Texas 76701

Don Calvert
United States Department of Justice
5825 N Sam Houston Pkwy W, Suite 300
Houston, Texas 77086

RE:   West Fertilizer Litigation
Case Number: 2013-24764
Court: 170th District Court of McLennan County, TX

Dear Mr. Frazier and Mr. Calvert:

I write to confirm my April 24, 2014 conversation with Mr. Calvert regarding our pending request for documents and information. I understand that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") has an open investigation into the explosion that occurred at the West Fertilizer facility in West, Texas on April 17, 2013. As a result of this ongoing investigation, BATF and the United States Department of Justice will not allow CF Industries access to any information, samples, or other material that BATF collected as part of its investigation. I further understand that BATF currently has no estimate as to when it will finish its investigation and cannot state at this time whether it will provide CF Industries with the information requested in my March 3, 2014, letter even when the investigation has closed. If you would kindly confirm this information, I would appreciate it.

Sincerely,

Noelle M. Reed

ATTACHMENT 3

| | |
|---|---|
| **From:** | Reed, Noelle M (HOU) |
| **To:** | 'Don.Calvert@usdoj.gov' |
| **Subject:** | RE: West Fertilizer Litig., Case No. 2013-24764, In the 170th Jud. Dist. Ct. of McLennan County, TX |
| **Date:** | 7/8/2014 4:36:45 PM |
| **CC:** | 'Mark.Frazier@usdoj.gov'; Conner, Michelle L (HOU) |
| **BCC:** | |

**Message:**
Thank you, Don

I appreciate your response.

NMR

---

**From:** Don.Calvert@usdoj.gov [mailto:Don.Calvert@usdoj.gov]
**Sent:** Monday, July 07, 2014 7:50 AM
**To:** Reed, Noelle M (HOU)
**Cc:** Mark.Frazier@usdoj.gov; Conner, Michelle L (HOU)
**Subject:** RE: West Fertilizer Litig., Case No. 2013-24764, In the 170th Jud. Dist. Ct. of McLennan County, TX

Good morning – I apologize for not responding sooner. This matter is still an open investigation. I am continuing to monitor this matter and will apprise the concerned parties when the investigation concludes. Please feel free to contact me if you have any questions or concerns. - Don

Don J. Calvert
Deputy ACC – West
ATF Division Counsel - Houston
281-716-8223 - office
281-620-5578 - cell
5825 North Sam Houston Parkway West
Houston, TX 77086

---

**From:** Conner, Michelle L [mailto:Michelle.Conner@skadden.com] **On Behalf Of** Reed, Noelle M
**Sent:** Monday, June 23, 2014 3:42 PM
**To:** Calvert, Don J.
**Subject:** West Fertilizer Litig., Case No. 2013-24764, In the 170th Jud. Dist. Ct. of McLennan County, TX

Dear Mr. Calvert:

On behalf of Noelle M. Reed, please see the attached letter.  Thank you.

ATTACHMENT 4

**From:** Frazier, Mark (USATXW) [Mark.Frazier@usdoj.gov]
**To:** Reed, Noelle M (HOU)
**Subject:** West Fertilizer/CF Industries
**Date:** 7/17/2014 3:35:14 PM
**CC:**
**BCC:**

**Message:**
Ms. Reed:

I want to follow up our conversation of last week and memorialize our discussions regarding your June 23rd letter to me and to Don Calvert. In that letter, you stated that " BATF and the United States Department of Justice will not allow CF Industries access to any information, samples, or other material that BATF collected as part of its investigation." That is because Don Calvert informed you the BATF has an open, ongoing investigation into the fire and explosion that occurred at West Fertilizer in April 2013.

I appreciate you sending me a copy of your June 23rd letter, but as we discussed, the United States Attorney's Office does not have the authority to grant or deny access to the information you have requested because it is not ours to give—the investigative material is that of originating component, the BATF. It is my understanding that Don Calvert accepted a copy of the Touhy letter you sent to me in March as a Touhy request to BATF for that reason. Don confirmed in a previous email that he will monitor the matter for BATF and inform the parties when the investigation is concluded.

If this summary is not correct, please let me know.

Mark Frazier
USAO/WDTX
Waco Division

1

ATTACHMENT 5

# DEPOSITION ON WRITTEN QUESTIONS SUBPOENA DUCES TECUM TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS

## THE STATE OF TEXAS

To any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under RULE 176 OF TEXAS RULES OF CIVIL PROCEDURE. - GREETINGS -

You are hereby commanded to subpoena and summon the following witness(es):

Custodian of Records for:

**The Bureau of Alcohol, Tobacco, Firearms and Explosives**
**c/o Robert Pitman, U.S. Attorney's Office**
**800 Franklin Ave, Suite 280**
**Waco, TX 76701**

to be and appear before a Notary Public of my designation for

**Folks & Associates, Inc.    (214) 320-9823**
**P.O. Box 851168, Mesquite, TX 75185-1168**

or its designated agent, on the forthwith day of Instanter at the office of the custodian and there under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying

**SEE ATTACHED EXHIBIT A**

and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to: WEST EXPLOSION CASES

at any and all times whatsoever, then and there to give evidence at the instance of the **Defendants.**, represented by **Carlos Balido**, Attorney of Record, in that Certain Cause No. **WEST EXPLOSION CASES**, pending on the docket of the **District Court of the Judicial District of McLennan County,** Texas.

This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above named court, styled

**IN RE:**

**WEST EXPLOSION CASES**

KENDRA WEST
Notary Public
State of Texas
My Comm. Exp. 02-22-15

and there remain from day to day and time to time until discharged according to law.

**WITNESS MY HAND,** this 11th day of August, 2014.

_____
NOTARY PUBLIC

**176.8 Enforcement of Subpoena. (a)** *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

## OFFICER'S RETURN

Came to hand this _____ day of _____, 20____, and *executed* this the _____ day of _____, 20____, in the following manner: By delivering to the witness _____, a true copy hereof.

Returned this _____ day of _____, 20____.

_____
PROCESS SERVER

Order No. 2401.039

| IN RE: | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | |
| | § | |
| | § | |
| WEST EXPLOSION CASES | § | McLENNAN COUNTY, TEXAS |
| | § | |
| ........................................... | § | |
| **This Document Relates to all Cases** | § | |
| ........................................... | § | |

## NOTICE OF DEFENDANT'S DEPOSITION BY WRITTEN QUESTIONS TO THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

TO:  The BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, 800 Franklin Avenue, Suite 280, Waco, Texas 76701, c/o Robert Pitman, United States Attorney

PLEASE TAKE NOTICE that twenty days after the service hereof, with attached questions, CF Industries Sales, LLC, CF Industries Holdings, Inc., and CF Industries, Inc. will take the deposition on written questions of the BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, 800 Franklin Avenue, Suite 280, Waco, Texas 76701, c/o Robert Pitman, United States Attorney, twenty (20) days from the service of a copy hereof with attached questions.

The deposition on written question will be conducted by Folks & Associates, P.O. Box 851168, Mesquite, Texas, 75185-1168, (214) 320-9823.

PLEASE TAKE NOTICE, in accordance with Texas Rule of Civil Procedure 200.1, that the matters on which examination is requested are as follows: (1) a custodian of records for any records concerning the fire and explosion that occurred at Adair Grain, dba West Fertilizer Company on April 13, 2013; (2) a custodian of records for any video or audio recordings and photographs related to the investigation of the aforesaid fire and explosion; (3) a custodian of records for any reports, transcripts and other documents created as part of the investigation into the aforesaid fire and explosion; and (4) a custodian of records for any records reflecting the collection and testing of materials and physical evidence collected from the scene of the aforesaid fire and explosion.

PLEASE TAKE NOTICE that in accordance with Rule 200.1(b), the BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES is requested to produce the documents described in Exhibit "A," attached hereto, at the commencement of the deposition.

<u>*Definitions and Instructions*</u>

"Document" or "documents", "record" or "records" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter-or intra- office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original. If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

    (1)    missing or lost,
    (2)    destroyed,
    (3)    transferred voluntarily or involuntarily to others, and, if so, to whom, or
    (4)    otherwise disposed of.

In each instance explain the circumstances surrounding the authorization of such disposition thereof, state the approximate date thereof and describe its contents.

In accordance with the *Texas Rules of Civil Procedure*, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

If you claim a privilege or exemption from discovery for any of the material, please be prepared to state the specific ground for each privilege or immunity claimed, in order that the CF defendants may determine the merit of the objection. In this event, the parties may discuss the merits of the objection and decide whether a court determination on the duces tecum is necessary.

Respectfully submitted,

Carlos A. Balido
State Bar No. 01631230
Matt Montgomery
State Bar No. 24041509
WALTERS BALIDO & CRAIN
10440 North Central Expressway, 15th Floor

Dallas, TX 75231
Telephone No. (214) 749-4805
Facsimile No. (214) 760-1670

| John O'Herren | #15236500 |
| Peter K. Rusek | #17400400 |
| E. Alan Bennett | #02140700 |
| Patrick Brady | #00783709 |

SHEEHY, LOVELACE & MAYFIELD, P.C.
510 N. Valley Mills Dr., Suite 500
Waco, Texas 76710
(254) 772-8022
FAX (254) 772-9297

ATTORNEYS FOR DEFENDANTS
CF INDUSTRIES, INC., CF INDUSTRIES
SALES, LLC, AND CF INDUSTRIES
NITROGEN, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the CF Defendants' Notice of Deposition on Written Questions of TMLIRP was served via facsimile and/or electronic mail on the following attorneys of record on August 11, 2014.

VIA EMAIL MAZIZ@ABRAHAMWATKINS.COM
Muhammad S. Aziz
ABRAHAM, WATKINS, NICHOLS, SORRELS,
AUGUSTO & FRIEND
800 Commerce Street
Houston, TX 77002-1776
*Plaintiffs' Steering Committee*

VIA EMAIL STEVE@THETRIALLAWYERS.COM
Stephen E. Harrison II
HARRISON DAVIS STEAKLEY MORRISON, P.C.
P.O. Drawer 21387
Waco, TX 76702
*Plaintiffs' Steering Committee*

**VIA EMAIL**
**ZJONES@PROVOSTUMPHREY.COM**
Zona Jones
PROVOST UMPHREY
490 Park Street
Beaumont, TX 77701
*Plaintiffs' Steering Committee*

**VIA EMAIL HFULLER@NAMANHOWELL.COM**
L. Hayes Fuller, III
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701
*Counsel for Defendant Adair Grain, Inc. d/b/a West Fertilizer Co.*

**VIA EMAIL KSLADE@TTSSLAWFIRM.COM**
**VIA EMAIL MPARISH@TTSSLAWFIRM.COM**
Keith Slade
Matt Parish
TUCKER, TAUNTON, SNYDER & SLADE
10370 Richmond Ave
Houston, TX 77042
*Counsel for Defendant El Dorado Chemical Company*

**VIA EMAIL MGROTEFELD@GHLAW-LLP.COM**
Mark S. Grotefeld
GROTEFELD HOFFMAN SCHLEITER GORDON & OCHOA
311 South Wacker Drive, Suite 4500
Chicago, IL 60606
*Plaintiffs' Steering Committee*

**VIA EMAIL JMCCOY@MLLLAW.COM**
John V. McCoy
MCCOY LEAVITT LASKEY, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
*Counsel for Defendant Adair Grain, Inc. d/b/a West Fertilizer Co.*

**VIA EMAIL MYOUNG@CBYLAW.COM**
Marc A. Young
COKINOS, BOSIEN, & YOUNG
10999 West IH 10
Suite 800
San Antonio, Texas 78230
*Counsel for International Chemical Company d/b/a Inter-Chem*

_____

Carlos Balido

# EXHIBIT "A"

1. Complete copies of all test results from any test conducted on samples of any material or substance collected from 1471 Jerry Mashek Drive, West, Texas, and the surrounding areas on or after April 17, 2013, including any supporting documentation related to the test results, such as appendices.

2. Access to any and all samples of material and/or substance, and other physical evidence removed from 1471 Jerry Mashek Drive, West, Texas, and the surrounding areas, on or after April 17, 2013.

3. Complete copies of all interview reports/memoranda and interview transcripts related to interviews with all witnesses to the incident, first responders (firemen, policemen and emergency medical technicians), and employees of West Fertilizer in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding this incident.

4. Copies of all photographs, video recordings, and/or audio recordings in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding this incident.

5. Copies of all diagrams in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding this incident.

6. Complete copies of all documents of Adair Grain, dba West Fertzilizer Company, that were recovered from the scene of the incident, including, but not limited to, records of chemical inventories, safety records, and employee training records.

No. WEST EXPLOSION CASES

| | | |
|---|---|---|
| IN RE: | : | IN THE DISTRICT COURT OF |
| | : | |
| | : | |
| WEST EXPLOSION CASES | : | MCLENNAN COUNTY, TEXAS |
| | : | |
| ·········································· | : | |
| This Document Relates to all Cases | | |
| ·········································· | | |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **The Bureau of Alcohol, Tobacco, Firearms and Explosives**
Records Pertaining To: **WEST EXPLOSION CASES**
Type of Records: **SEE ATTACHED EXHIBIT A**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

   _____

3. What is the title of your position or job?

   Answer: _____

4. Are the documents requested in Exhibit "A" in your custody or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify the documents as the originals or true and correct copies of the originals?

   Answer: _____

6. Please provide exact duplicates of the documents mentioned in Question No. 4 or the originals thereof for photocopying for attachment to this deposition. Have you complied? If not, why?

   Answer: _____

7. Are the copies which you have provided true and correct copies of the documents requested?

   Answer: _____

8. Were the documents kept in the regular course of business of The Bureau of Alcohol, Tobacco, Firearms and Explosives?

   Answer: _____

9. Was it in the regular course of business of The Bureau of Alcohol, Tobacco, Firearms and Explosives for a person with knowledge of the acts, events, conditions, or opinions recorded to make the record or to transmit information thereof to be included in such record?

   Answer: _____

Order No. 2401.039

10. Were the documents made by employees or representatives of The Bureau of Alcohol, Tobacco, Firearms and Explosives at or near the time when the acts, events, conditions, or other information contained therein occurred, were observed or rendered, or made reasonably soon thereafter?

Answer: _____

11. Was the method of preparation of these records trustworthy?

Answer: _____

12. Have you been requested or directed by any person to withhold or protect, for any reason, the records sought by this deposition on written questions? Has any person suggested that you should withhold or protect such records? If so, please state the name and address of the person who conveyed this information to you and when such event occurred.

Answer: _____

13. Do you know or have reason to believe that the records identified in the deposition on written questions have in any manner been edited, purged, culled, or otherwise altered? If so, please identify the records and explain why and how they are altered or removed.

Answer: _____

_____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct, and that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

Order No. 2401.039

ATTACHMENT 6

**From:** Reed, Noelle M [mailto:Noelle.Reed@skadden.com]
**Sent:** Thursday, September 04, 2014 4:27 PM
**To:** Frazier, Mark (USATXW)
**Subject:**

Mark, thanks for checking on the subpoena. It is attached, just so you have it. We are checking with our process server on proof of service, and I will forward to you.

Noelle M. Reed
Skadden, Arps, Slate, Meagher & Flom LLP
1000 Louisiana, Suite 6800 | Houston | TX | 77002-5026
T 713.655.5122 | C 713.446.5512 | F 713.483.9122
E noelle.reed@skadden.com
www.skadden.com

ATTACHMENT 7



**United States Department of Justice**
United States Attorney
Western District of Texas

---

John F. Paniszczyn
*Assistant United States Attorney*

*601 N. W. Loop 410, Suite 600*
*San Antonio, Texas 78216*

*Direct Line: (210) 384-7325*
*FAX:      (210) 384-7312*

September 18, 2014

Ms. Noelle M. Reed
Skadden, Arps, Slate, Meagher & Flom LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002-5026
Via E-mail: Noelle.Reed@skadden.com

> Re:   West Fertilizer Litigation
>       Cause Number: 2013-24764
>       Court: 170th District Court of McLennan County, Texas

Dear Ms. Reed,

Thank you for calling me yesterday regarding the above referenced matter. After you informed me that you had issued a Touhy Request regarding this matter, I obtained the relevant correspondence. Attached. Additionally, I note that BATF is a DOJ and not a DHS component and accordingly, DOJ Touhy Regulations are applicable. I apologize for these errors and any attendant confusion and this correspondence will replace the letter I sent out regarding this matter on September 16, 2014.

I have been informed that BATF still has an open investigation regarding the West Fertilizer Plant explosion. Disclosure of such information would reveal investigatory records compiled for law enforcement purposes and would interfere with any potential enforcement proceedings. See, 28 C.F.R. §16.26(b)(5). Additionally BATF, the originating component, has objected to disclosure of the information requested. 28 C.F.R 16.24(b)(1). Accordingly, no information from BATF is subject to disclosure at this time and no release of such information is authorized.

Additionally, to the extent that the U.S. Attorney's Office has any BATF information in its possession, that information was derived as counsel for BATF pursuant to attorney client and/or attorney work product and is accordingly subject to attendant privileges prohibiting disclosure of the same. 28 C.F.R. §16.26(a)(2). As previously discussed, the U.S. Attorney's Office is not the originating component of the requested information and the U.S. Attorney, Robert Pitman is not the custodian of records for BATF. Mr. Pitman will not be responding to the information sought in the subpoena referred to in the prior correspondence.

State court subpoenas are ineffective against federal entities and their officers or employees, as state courts lack jurisdiction. *Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992); *Edwards v. U.S. Department of Justice*, 43 F.3d 312 (7th Cir. 1994); *Louisiana v. Scire*, 1994 WL 35595 (5th Cir. 1994); *Texas v. Lathrop et al.*, 1997 WL 1157 (N.D. Tex. 1977). If you do attempt to enforce this subpoena in any manner, please advise the undersigned immediately so that the matter can be removed to federal court. See, 28 U.S.C. §1441 et. seq.

I again apologize for any confusion regarding this matter and please do not hesitate to contact my office. I would additionally urge you to maintain contact with counsel for BATF, Don Calvert, (281) 716-8223 regarding the general status of any BATF investigation of the explosion.

Sincerely,

**ROBERT PITMAN**
United States Attorney

By:

**JOHN F. PANISZCZYN**
Chief, Civil Division

cc:
Don Calvert
Mark Frazier

Carlos Balido
Walters Balido & Crain
10440 North Central Expressway, 15th Fl.
Dallas, TX 75231

Kendra West
Folks & Associates
P.O. Box 851168
Mesquite, TX 75185-1168

ATTACHMENT 8

| | | |
|---|---|---|
| CF INDUSTRIES, INC., AND | § | |
| CF INDUSTRIES SALES, LLC | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIV. NO. W-14-CV-00392-WSS |
| | § | |
| THE DEPARTMENT OF JUSTICE, | § | |
| BUREAU OF ALCOHOL, TOBACCO, | § | |
| FIREARMS AND EXPLOSIVES | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF ROBERT W. ELDER

Pursuant to 28 U.S.C. § 1746, Robert W. Elder declares that the foregoing is true and correct:

1.    I am over 18 years of age and competent to testify.

2.    The following declaration is based upon my personal knowledge.

3.    I am the Special Agent in Charge of the Houston Field Division for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). As the Special Agent in Charge I am the manager of and have oversight over all of the investigations within the Houston Field Division.

4.    On April 17, 2013, an explosion occurred at the West Fertilizer Company storage and distribution facility in West, Texas. West, Texas is within the investigative jurisdiction of the Houston Field Division of the ATF. Fifteen people were killed, more than 160 were injured, and more than 150 buildings were damaged or destroyed. At the request of the State Fire Marshal, ATF deployed its National Response Team (NRT) to assist in the

investigation. An extensive investigation consistent with the scale of the incident ensued and is continuing at this time.

5.      Pursuant to a State issued search warrant, the State Fire Marshal and ATF removed records and materials from the site of the explosion. The records are currently in the custody of the State Fire Marshall or have been returned to the facility. Any items or materials recovered from the explosion site are being used or tested by ATF in determining the cause and origin of the explosion.

6.      The cause and origin investigation is being done in three separate stages. Stage one of the cause and origin investigation has been completed. Stage two of the cause origin investigation is scheduled to begin in January of 2015. The testing will take place at the ATF lab and involves extensive reconstruction and analysis. It is anticipated that the testing and analysis will take approximately six months. Stage three, if any, is dependent on the results of the testing in Stage two.

7.      In addition to the investigative steps outlined above, approximately three hundred interviews have been conducted during this investigation. There have also been almost three hundred Reports of Investigation (ROI) generated. It is anticipated that the continuing investigation may require additional interviews and ROIs.

8.      I have reviewed the "Touhy Request" submitted by counsel in the State civil litigation. The investigation of the events leading to and the aftermath of the explosion in West, Texas is ongoing. ATF is working in cooperation with other law enforcement entities who are investigating this incident. Providing the info and materials sought would interfere with the ongoing investigation or otherwise compromise effective and efficient sharing of information.

9.      The release of the materials at this time could reveal law enforcement techniques, procedures, protocols, methods as well as tending to reveal any potential targets of criminal wrongdoing.  Further, it may hinder others coming forward with information or potentially disclose information that at this stage of the investigation is inaccurate or may lead to unsubstantiated conclusions. Just as ATF does not wish to taint innocent individuals or entities with incomplete information, it likewise does not wish to alert those who may be ultimately held responsible for wrongdoing.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

ROBERT W. ELDER
SPECIAL AGENT IN CHARGE
ATF, HOUSTON FIELD DIVISION

Executed on this 27 day of November, 2014.