IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| CF INDUSTRIES, INC., and CF INDUSTRIES SALES, LLC, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. W-14-CV-392 |
| THE DEPARTMENT OF JUSTICE, BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, Defendant. | § § § § § | |

# O R D E R

The Court now considers the Motion to Dismiss or in the Alternative, Motion for Summary Judgment (the "Motion for Summary Judgment") filed by Defendant The Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("Defendant") and the Motion to Reset *In Camera* Hearing filed by Plaintiffs CF Industries, Inc. and CF Industries Sales, LLC ("Plaintiffs"). Docs. 6 and 24. The Court has determined that Defendant's Motion for Summary Judgment should be **GRANTED**, and Plaintiffs' Motion to Reset *In Camera* Hearing should be **DENIED**.

Plaintiffs filed suit seeking a declaratory judgment that Defendant's blanket refusal to provide investigation materials pertaining to the explosion at the West Fertilizer facility on April 17, 2013 (the "West Incident") was arbitrary, capricious,

an abuse of discretion, and not in accordance with the law.[1] Plaintiffs made a *Touhy*[2] request upon Defendant, which sought a wide range of documents and items related to Defendant's West Incident investigation. Since the suit was filed, with limited exceptions, Defendant has steadfastly denied Plaintiffs access to the West Incident investigation materials in response to Plaintiffs' *Touhy* request because there is an ongoing criminal investigation. Thus, due to the ongoing criminal investigation, Defendant contends that the applicable *Touhy* regulations governing its decision to refuse disclosing the West Incident investigation materials that Plaintiffs requested warrants summary judgment in its favor.[3]

However, before the Court ruled on the Motion for Summary Judgment, Defendant informed the Court that, after the West Incident investigation was completed, reports would be created articulating the investigation's findings. Therefore, on July 24, 2015, the Court stayed the case pending Defendant's completion of the West Incident investigation and reports. In addition, the Court ordered Defendant to provide monthly updates regarding the progress of the

---

[1] The Administrative Procedures Act authorizes the Court to "hold unlawful or set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(1), (2)(A).

[2] A *Touhy* request refers to the Supreme Court case that set forth the process for seeking information from a federal agency. *See United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

[3] *See* 28 C.F.R. § 16.26(b)(5) ("Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which . . . [d]isclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired[.]").

West Incident investigation and reports. On May 11, 2016, Defendant publicly announced that it had completed its investigative reports and that it conclusively determined that the West Incident was incendiary (i.e., a criminal act).

On June 3, 2016, Plaintiffs moved to lift the stay, which the Court granted. Docs. 62 and 64. Plaintiffs now move the Court to set an *in camera* hearing so that it can determine the merits of Defendant's Motion for Summary Judgment. Doc. 71. Defendant is opposed to setting an *in camera* hearing; it argues that an *in camera* hearing is unnecessary because the Court can dispose of the case on the merits based on what has already been submitted. Defendant further contends that, for the reasons asserted in its Motion for Summary Judgment and associated filings, any disclosures of the West Incident investigation materials or reports to Plaintiffs are not appropriate as a result of Defendant's asserted law enforcement privilege.

The Court agrees with Defendant that an *in camera* hearing is unnecessary to rule on the Motion for Summary Judgment. As such, Plaintiffs' Motion to Reset *In Camera* Hearing is denied. In light of the West Incident investigation's determination that the explosion was a criminal act and therefore law enforcement's efforts to identify those responsible remains ongoing, the Court finds that the law enforcement privilege Defendant has asserted is appropriate. Indeed, disclosing the requested information to Plaintiffs while law enforcement's criminal investigation remains ongoing would interfere with or otherwise be detrimental to the investigation. The Court will not disturb

Defendant's *Touchy* response determination. Consequently, Defendant's Motion for Summary Judgment is **GRANTED**, and the case is **DISMISSED**. Any other relief requested by the parties that was not specifically granted in this Order is **DENIED**.

SIGNED this 25 day of July, 2016.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE